IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROY MITCHELL,

    Plaintiff,

v.

DANE COUNTY SHERIFF
DEPARTMENT, et al.

    Defendants.

OPINION & ORDER

Case No. 16-cv-352-wmc

Plaintiff Roy Mitchell is proceeding in this action under 42 U.S.C. § 1983 on Fourteenth Amendment claims that various Dane County officials, subjected her to conditions of confinement so dangerous that they violated her due process rights. In particular, Mitchell claims that she was housed in a section of the Dane County Jail that exposed her various hazards, including sewer flies, asbestos, lead, and black mold.

There are several pending motions that I am addressing in this order: defendants' motion for partial summary judgment on exhaustion grounds (dkt. 141); Mitchell's two motions to compel (dkts. 160, 178); Mitchell's two motions for assistance in recruiting counsel (dkts. 148, 216); and Mitchell's motion to postpone her August 29 deposition until the court recruits counsel for her (dkt. 223). For the following reasons, I am denying Mitchell's motions and directing defendants to inform the court whether they wish to withdraw their motion.

**Exhaustion of Administrative Remedies (dkt. 141)**

Defendants filed a motion for partial summary judgment, seeking dismissal of Mitchell's claims related to asbestos, lead paint and black mold on the ground that she did not properly exhaust those claims. They concede that Mitchell exhausted her claim about sewer flies.

While I will not resolve this motion, I am ordering the defendants to notify the court whether they wish to pursue it in light of the fact that Mitchell is no longer confined in jail. Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the [jail's] administrative rules require." *Pozo*, 286 F.3d at 1025.

The purpose of these requirements is to give the jail administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ng*o, 548 U.S. 81, 88-89 (2006). If a prisoner fails to exhaust his administrative remedies before filing a lawsuit, then the court must dismiss the case. *Perez v. Wisconsin Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Because exhaustion is an affirmative defense, *defendants* bear the burden of establishing that plaintiff failed to exhaust his administrative remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

Based on Mitchell's current address, it appears that she is no longer in custody at the Dane County Jail or anywhere else, so the requirements of the PLRA would not apply to her if she chose to immediately refile a new lawsuit pursuing her asbestos, lead paint, and black mold claims. *See Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998) (PLRA did not apply to former prisoner filing suit after his release); *Witzke v. Femal*, 376 F.3d 744, 750 (7th Cir. 2004) ("[T]he status of the plaintiff at the time he brings his suit" determines whether the plaintiff is a

2

prisoner subject to the PLRA's exhaustion requirements). Thus, even if the presiding judge dismisses Mitchell's claims related to asbestos, lead paint, and black mold for failure to exhaust, Mitchell would be able to refile those claims without the need to exhaust her administrative remedies. *See Miniz v. Pazera*, 2007 WL 4233455, *4 (N.D. Ind. 2007) ("Even if a prisoner has a case dismissed for failure to exhaust available administrative remedies, they can refile the exact same complaint once they are released from prison without having to satisfy the exhaustion requirement.") Further, because the events at issue occurred in 2015 and 2016, Mitchell's claims would not be barred by the applicable statute of limitations. *See Reget v. City of La Crosse*, 595 F.3d 691, 694 (7th Cir. 2010) (in Wisconsin, statute of limitations for constitutional claims is usually six years).

The parties have been engaging in substantive discovery related to all of Mitchell's claims in this lawsuit for several months, and dispositive motions are due at the beginning of September. Given Mitchell's active involvement in this lawsuit, as well as her demonstrated interest in pursuing claims in this court generally, it is logical to predict that in response to dismissal of these claims, Mitchell promptly would file a new lawsuit to pursue them, resulting in the parties having to litigate two lawsuits on different timelines. This outcome appears to be an unintended consequence of defendants' motion that probably would result in more work for defendants and their attorneys rather than less.

That said, because Mitchell *was* incarcerated at the time she filed suit, she is subject to the PLRA and defendants are entitled to assert an exhaustion defense. They should promptly notify the court whether they wish to pursue their exhaustion defense. If they do not withdraw their partial exhaustion motion, the presiding judge will promptly resolve it.

**Motions to Compel and for Sanctions (dkts. 160, 178)**

In Mitchell's motions to compel, she seeks an order requiring defendants to produce (1) the inmate grievances she and "fellow inmate faculty body" filed at the Dane County Jail and (2) her medical records. As to her medical records, defendants respond that they produced Mitchell's medical records to her after she submitted her consent to the third-party in possession of her records. Mitchell has not indicated that she is dissatisfied with this response, or that it is untrue.

As to the request related to her grievances, defendants responded that they have produced all of Mitchell's grievances filed at the Dane County Jail for the past five years. They further respond that they did not produce grievances filed by "fellow inmate faculty body" because that request was unduly vague and did not involve any parties to this lawsuit. Because Mitchell does not adequately explain why grievances filed by other inmates are relevant to her claims, I agree with defendants. Accordingly, both of these motions are denied.

**Motions for Assistance in Recruiting Counsel (dkts. 148, 216)**

Mitchell seeks this court's assistance in recruiting counsel because she lacks legal knowledge and suffers from post-traumatic stress disorder. Mitchell has submitted one attorney rejection letter and states that she has contacted multiple other attorneys in her unsuccessful attempts at retaining counsel. Thus, it appears that Mitchell has fulfilled the *Jackson* requirement of attempting to retain a lawyer on her own.

Nevertheless, I am denying these motions without prejudice because Mitchell has failed to point to any specific instance so far in these proceedings that show that either her lack of knowledge or her PTSD have made it excessively difficult for her to litigate her claims. *See*

4

*Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007) (en banc) (the central question in deciding whether to request counsel for an indigent civil litigant is "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself"). Although it is apparent from her filings that Mitchell is frustrated by having to deal with the attorneys for the defendants throughout the course of this lawsuit, the requirements of the claims she is litigating do not exceed her abilities.

As a starting point, the challenges facing Mitchell are the same challenges that virtually every pro se litigant faces. Every year this court receives between 250-300 lawsuits filed by pro se plaintiffs who all would benefit from the assistance of a volunteer lawyer, yet this court has a pool of at most three dozen volunteer attorneys who will take one case a year. Thus, only those cases presenting exceptional circumstances, as defined by circuit law, can be considered for court assistance in recruiting volunteer counsel. Mitchell's case does not appear to fall into this category.

First, Mitchell has been involved in other lawsuits in this court and her filings demonstrate familiarity and facility with federal rules. It also appears that Mitchell successfully has utilized the discovery process, not just to propound discovery requests on defendants and to obtain evidence relevant to her claims, but also to draft and file a motion to compel discovery in the face of an unsatisfactory response from defendants. Although Mitchell's motions to compel do not succeed, the fact that she is capable of filing them in the first place establishes that she is capable of protecting her own interests during this phase of her lawsuit.. Similarly, Mitchell frequently files more generic submissions that she claims support the validity of her claims. Regardless of the persuasiveness of these submissions, they further

demonstrate that Mitchell's PTSD does not hamper her ability vigorously to prosecute her claims.

Mitchell's lack of familiarity with the substantive law is a legitimate concern, but it does not, by itself, militate toward providing her with the assistance of volunteer counsel in this lawsuit. Mitchell's claims are straightforward. It is her burden to prove that the defendants (1) knew that she was subjected to various hazards when she was confined at the Dane County Jail and (2) they responded inappropriately, in violation of Mitchell's due process rights under the Fourteenth Amendment. In *every* lawsuit, including those where all parties are represented by counsel, this court researches the applicable law on its own to ensure that it knows and properly apply the correct standards to the parties' claims and defenses. This practice, coupled with both sides' submissions in this lawsuit leave the court confident in its ability to answer correctly the legal questions posed without enlisting an attorney assist Mitchell.

As a result of all this, I am denying Mitchell's motion for court assistance recruiting counsel without prejudice to Mitchell renewing it at some later stage in this case. At this point, the parties are still engaged in discovery, and dispositive motions are due next Friday, September 1, 2017. If Judge Conley reviews the parties' summary judgment submissions and concludes that Mitchell did, in fact, need counsel to represent her at the dispositive motion stage, then he likely will recruit counsel *sua sponte* on Mitchell's behalf. Further, if Mitchell surpasses the summary judgment hurdle and believes that she cannot adequately prepare for trial or actually try this case to a jury without the assistance of a lawyer, then she may renew her motion and Judge Conley will consider it in light of the situation as it presents itself at that time.

6

**Motion for Postponement (dkt. 223)**

Finally, Mitchell seeks an order postponing her August 29 deposition until the court recruits counsel for her. I am denying this motion. As Mitchell likely is aware, even though she will have to sit for a deposition without the help of counsel, if something occurs during the course of the deposition that she believes could unduly prejudice her, she may file a motion after the deposition seeking to remedy any actual impropriety. At this juncture, however, it is important for Mitchell actually to sit for the deposition so that a record is made for the court to review later if necessary.

ORDER

IT IS ORDERED that:

(1) Plaintiff Roy Mitchell's motions to compel (dkts 160, 178); motions for assistance in recruiting counsel (dkts. 148, 216); and motion to postpone (dkt. 223) all are DENIED.

(2) Defendants may have until **September 1, 2017**, to notify the court whether they wish to pursue their exhaustion defense further.

Entered this 24th day of August, 2017.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge