IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROY MITCHELL,

    Plaintiff,

v.

DANE COUNTY SHERIFF DEPARTMENT, et al.

    Defendants.

OPINION & ORDER

Case No. 16-cv-352-wmc

Plaintiff Roy Mitchell is proceeding in this action under 42 U.S.C. § 1983 on Fourteenth Amendment claims that various Dane County officials subjected her to conditions of confinement so dangerous that they violated her due process rights. In particular, she is proceeding on claims that she was housed in a section of the Dane County Jail that exposed her various hazards, including sewer flies, asbestos, lead, and black mold. On August 24, 2017, I issued an order directing defendants to inform the court whether they wish to withdraw their motion for partial summary judgment on exhaustion grounds. Defendants withdrew the motion in a letter in which they also (1) request a ten-day extension of the September 1 dispositive motion deadline, and (2) inform the court that plaintiff continues to refuse to sign medical authorizations, which is the subject of their Motion to Dismiss for Failure to Prosecute (dkt. 209). (Dkt. 234.) This order briefly addresses both issues.

First, I will grant defendants' request for additional time, and extend the dispositive motion deadline until **September 29, 2017.**

Second, regarding defendants' pending motion to dismiss, I am granting it insofar as they request, as an alternative to dismissal, an order directing Mitchell to comply with defendants' discovery request. (*See* dkt. 209.)

In her complaint, Mitchell is requesting money damages and injunctive relief for her "emotional and mental distresses and anguish," so she has placed her mental, and arguably physical, health at issue. In conducting discovery, defendants served her with medical authorization forms, which she has not returned signed. This has left the defendants to attempt discovery and prepare for dispositive motions with only partial and sometimes redacted medical records that Mitchell filed with the court.

Defendants' requests to access Mitchell's medical records are a proper discovery request because her medical history is relevant to her claims. *See* Fed. R. Civ. P. 26(a). Nonetheless, defendants have been unable to resolve their request informally. Indeed, the record confirms that, despite defendants' repeated attempts to work out this issue, Mitchell repeatedly has refused to sign the authorization forms, once as recently as August 29, without good cause. Accordingly, I am directing Mitchell to return signed and fully completed copies of the requested medical authorization, in their entirety, for all medical facilities where she has been treated in the last seven years by **September 11, 2017**.

This is a "direction," not an "order." This court does not compel parties to disclose confidential medical or psychiatric information if they choose not to. But a failure to disclose this information almost certainly will result in the court dismissing Mitchell's claims. This is because it is not fair to defendants for Mitchell to make the sort of claims that she has made here without giving the defendants access to the information that underlies these claims so that the defendants may investigate and defend against these clams. Mitchell gets to choose how she wishes to proceed, but she has to *choose*; she cannot have it both ways.

ORDER

IT IS ORDERED that:

(1) The dispositive motion deadline is extended to **September 29, 2017.**

(2) Defendants' motion to dismiss, or in the alternative to compel (dkt. 209) is GRANTED IN PART and DENIED IN PART: Mitchell is directed to return signed and fully completed copies of the requested medical authorization, in their entirety, for all medical facilities where she has been treated in the last seven years by **September 11, 2017**.

Entered this 1st day of September, 2017.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge