IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROY MITCHELL,

    Plaintiff,

v.

DANE COUNTY SHERIFF
DEPARTMENT, et al.

    Defendants.

OPINION & ORDER

Case No. 16-cv-352-wmc

Plaintiff Roy Mitchell is proceeding in this action under 42 U.S.C. § 1983 on Fourteenth Amendment claims that various Dane County officials subjected her to conditions of confinement so dangerous that they violated her due process rights. Defendants' motion for summary judgment was recently taken under advisement by the presiding judge. (Dkt. 261.) In the meantime, I will resolve Mitchell's outstanding motions. Specifically, Mitchell has filed four discovery-related motions (dkts. 135, 156, 182, 236, 259), which I am denying, as well as a motion for assistance in recruiting counsel (dkt. 239), which I am denying without prejudice.

**Motion for Sanctions (dkt. 135)**

In her motion for sanctions, Mitchell takes issue with portions of the defendants' Answer to her complaint in which they deny her allegations in her complaint. Mitchell contends that all of her allegations are conclusively true because of the publicity surrounding the conditions at the Dane County Jail, and she supports her motion with numerous citations and exhibits about those conditions; therefore, it is sanctionable for defendants to deny what she alleges to be true. As a general matter, defendants in civil lawsuits routinely respond to the complaints against them by denying the substantive allegations. Discovery follows,

motions are filed, and facts are determined as the case proceeds, often establishing the accuracy of facts that defendants denied in their answers. That's the way the process is wired, so the court is not going to impose sanctions for defendants following a pretty standard front-end operating procedure.

**Motions regarding Spoilation (dkts. 156, 182)**

In two motions, Mitchell requests sanctions and for default judgment because she believes that defendants permitted relevant evidence to be destroyed. She filed these motions because she attempted to respond to defendants' exhaustion summary judgment motion by obtaining certain grievances related to her claims. Defendants have since withdrawn their exhaustion motion. Therefore, these motions will be denied as moot.

**Motion Following Deposition (dkt. 236)**

In this motion, Mitchell is seeking a remedy related to certain allegedly improper deposition questions defendants' counsel asked during her August 29, 2017, deposition. Specifically, she complains that defendants improperly asked her about another settlement agreement that she reached in a lawsuit involving Dane County. It is unclear what relief Mitchell is seeking related to these questions, but I asked for defendants to respond to clarify what happened during the deposition. Defendants provided the excerpt of that exchange, which shows that their attorney showed Mitchell the settlement agreement and asked her to identify it. Mitchell answered that she recognized the document but would not discuss it because she did not want to infringe upon any of its terms, and counsel did not press the issue further. This exchange does not suggests that these questions were improper. Counsel

simply asked Mitchell to identify the settlement agreement, she did not ask Mitchell to divulge any of the details. Accordingly, the motion will be denied.

**Motion to Compel (dkt. 259)**

Mitchell withdrew her most recent discovery motion because defendants complied with the request. As such, I'm denying it as moot.

**Motion for Assistance in Recruiting Counsel (dkt. 239)**

Finally, Mitchell has filed a motion for assistance recruiting counsel. She explains that she suffers from post-traumatic stress disorder and reiterates her complaints about the discovery process and her belief that defendants' counsel has acted inappropriately throughout the course of this lawsuit.

As Mitchell knows, there is no right to counsel in civil cases. *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). Rather, a party who wants court assistance recruiting counsel must meet several requirements. *Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010). Mitchell has met the first requirement by establishing that she is unable to afford counsel. However, she has not yet made an adequate showing that she made reasonable–but unsuccessful– efforts on his own to find a lawyer to represent her. Mitchell states that she has been unsuccessful in her attempts to retain counsel and I do not doubt this statement. Even so, if it were important to the court's decision at this time, then I would direct Mitchell to submit three attorney rejection letters for this lawsuit (or provide the names and addresses of the attorneys that she contacted about this lawsuit but who did not respond). But I won't

3

make Mitchell do this because I still would be declining to recruit a volunteer attorney for her at this time.

Indeed, I am not persuaded that this is one of those few cases in which it appears from the record that the legal and factual difficulty of the case exceeds the plaintiff's ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). The question is not whether a lawyer will do a better job than Mitchell can on her own, because that is almost always the case.[1]

This lawsuit is about whether the defendants were deliberately indifferent to a risk that Mitchell would suffer serious injury when she allegedly was exposed to hazardous materials in the Dane County Jail. For one, Mitchell has litigated other cases in this court in the past, and her filings in this case suggest that she is familiar with the legal standard she is dealing with, and that she knows how to engage in the discovery process and submit filings with this court. Moreover, Mitchell's frequent filings and statements during her deposition demonstrate an above-average ability to advocate for herself. While Mitchell files materials that are not always relevant to her claims and although she has not succeeded in her discovery-related motions, these things do not suggest that she cannot proceed without a lawyer's assistance. Furthermore, at this point, Mitchell successfully has submitted filings in response to defendants' motion for summary judgment. While her filings are lengthy and appear to include information that are superfluous to her claims in this lawsuit, she has successfully submitted her own proposed findings of fact, exhibits, and declaration in

---

[1] As I routinely explain to inmate litigants during our telephonic preliminary pretrial conferences, the judges in this court would gladly provide a volunteer attorney to every pro se plaintiff if we had enough attorneys to do this, but we don't. This court gets over 250 new pro se civil lawsuits every year against a pool of about 30 attorneys who will volunteer to take one case a year.

opposition to defendants motion. After the presiding judge reviews the summary judgment materials, if he determines that it is necessary, he has the authority to *sua sponte* recruit a lawyer for Mitchell. But at this point, the record of this case does not support the conclusion that Mitchell needs the help of an attorney. Accordingly, I am denying Mitchell's motion without prejudice.

ORDER

IT IS ORDERED that the following motions are denied:

(1) Plaintiff Roy Mitchell's Motion for Assistance in Recruiting Counsel (dkt. 239) is denied without prejudice.

(2) Plaintiff's remaining motions (dkts. 135, 156, 182, 236, 239, 259) are DENIED.

Entered this 20th day of November, 2017.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge